UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASSUS SANDERS,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO SHERIFF'S DEPARTMENT, et al.,<br><br>  Defendants. | No.  2:22-cv-01232-TLN-CKD PS<br><br><br>ORDER |

   Plaintiff's proceeds without counsel and seeks relief under 42 U.S.C. § 1983.[1] Plaintiff's complaint filed on July 13, 2022 (ECF No. 1) is before the court for screening. Plaintiff has also filed an application in support of a request to proceed in forma pauperis. The application makes the showing required by 28 U.S.C. § 1915. (ECF No. 2.) Accordingly, the motion to proceed in forma pauperis will be granted.

   For the reasons set forth below, the allegations of the complaint, as currently pleaded, fail to state a cognizable claim. Plaintiff will have an opportunity to file an amended complaint. In any amended complaint, plaintiff shall allege in specific terms how each named defendant is involved in the alleged violations.

---

[1] This matter was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

I.  SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

II.  PLAINTIFF'S ALLEGATIONS

Plaintiff was previously in custody at the Sacramento County Main Jail and seeks monetary damages for violations of his civil rights that allegedly took place there. (See generally,

1  ECF No. 1.) Plaintiff has a traumatic brain injury and describes himself as mentally incompetent
2  with unstable cognitive thinking. (Id. at 3.)
3      While plaintiff was in custody at the jail, he had difficulty sending and receiving mail,
4  including legal mail. Plaintiff did not receive replies to some letters he sent out. Other mail was
5  received late because it was held by floor facilitators. Some mail was never received at all. (See
6  ECF No. 1 at 3-4.)
7      While plaintiff was in custody, various requests he made at the jail would take a long time
8  to receive responses or would not be responded to at all. As a result of his medical kites being
9  ignored, plaintiff did not receive medical care for his injured hand. Plaintiff also needed
10 medication from Wal-mart but was denied this medication. (See ECF No. 1 at 4, 6, 5, 8.)
11     On one occasion plaintiff was left in his cell without water for three days. During this
12 time, he had to use the restroom without being able to flush feces and urine from the toilet. (See
13 ECF No. 1 at 8.)
14     On an unspecified date, plaintiff had a physical dispute with another inmate. Plaintiff was
15 moved to a different portion of the facility and held there for three days even though the other
16 inmate was the aggressor. During this time, plaintiff was denied opportunities to call his attorney.
17 Due to this incident, as well as the issues with the mail, plaintiff was unable to communicate with
18 his attorney and with his family about his proper release date, which resulted in the loss of a
19 section 8 voucher, among other harm. (See ECF No. 1 at 4, 8.)

20  **III.    THE COMPLAINT FAILS TO STATE A CLAIM**
21       **A.    Lack of Factual Allegations Specific to the Named Defendants**
22     The complaint does not describe the conduct that the named defendants engaged in that
23 violated plaintiff's rights. Because the named defendants are not actually mentioned in plaintiff's
24 factual allegations, the court is unable to discern what facts underlie the causes of action plaintiff
25 is attempting to bring, and against whom.
26     Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's
27 complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v.
28 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984); Fed. R. Civ. P. 8(a)(2) (requiring

a short and plain statement of the claim). The complaint must be dismissed because it does not contain sufficient factual content to allow the court to draw the reasonable inference that any named defendant has violated plaintiff's constitutional rights.

### B. Legal Standards under the Civil Rights Act (42 U.S.C. § 1983)

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

Here it appears plaintiff was a pretrial detainee during the time period in question. While a convicted inmate's claims for unconstitutional conditions arise from the Eighth Amendment prohibition against cruel and unusual punishment, a pretrial detainee's claims for unconstitutional conditions of confinement arise from the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520 (1979). Nevertheless, similar standards apply, requiring proof that the defendant acted with deliberate indifference. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (clarifying how Fourteenth Amendment medical care claims differ from Eighth Amendment claims in which a subjective deliberate indifference standard applies).

### C. Sheriff's Department – Improper Defendant under § 1983

Because the Sacramento County Sheriff's Department is a municipal department of Sacramento County, it is not a properly named defendant for civil rights claims seeking monetary damages. See Vance v. County of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal.1996) (municipal departments are not "persons" under § 1983). Thus, the Sacramento County Sheriff's Department is not a proper defendant in this action.

### D.     Right to Send and Receive Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). At the same time, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). For example, prison officials may examine an inmate's mail and inspect non-legal mail for contraband outside the inmate's presence without infringing his rights. United States v. Wilson, 447 F.2d 1, 8 n.4 (9th Cir. 1971); Witherow, 52 F.3d at 265-66.

Here, plaintiff also has not identified any defendant allegedly responsible for plaintiff's mail issues. In addition, plaintiff's general allegations that he had trouble sending and receiving mail, and that incoming mail was delayed or not received, are far too vague to state a claim. See Twombly, 550 U.S. at 555-557 (in order to avoid dismissal, a complaint must contain more than "naked assertions" or "labels and conclusions"). Plaintiff will have an opportunity to amend this claim. In any amended complaint, plaintiff shall allege facts showing how the named defendants are responsible for the problems with the mail. In other words, in any amended complaint, plaintiff shall provide more factual details about who did what to violate his right to send and receive mail.

### E.     Claim for Denial of Medical Care and Medicine

This showing required for deliberate indifference under the Fourteenth Amendment is that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon, 888 F.3d at 1125. "[A] mere failure to diagnose or prescribe treatment" is insufficient to demonstrate objectively deliberate indifference. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012).

Here, plaintiff's allegations that he did not receive medicine from Wal-mart and that he was denied medical care for his injured hand are too general and too vague to state a claim. See Twombly, 550 U.S. at 555-557. Plaintiff does not allege who ignored his medical kites, who denied him medicine, or otherwise identify any individual defendants allegedly responsible for these deprivations. Plaintiff also does not describe what harm he suffered as a result of the deprivations. Plaintiff will have an opportunity to amend to allege additional facts.

### F.     Other Conditions of Confinement

Prison or jail officials may be liable for "inhumane conditions of confinement that imposed an excessive risk to [the inmate's] health or safety." See Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005.) "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Among the circumstances, a court considers whether there was a lack of penological justification for the deprivation or gratuitous infliction of suffering. Kidwell v. Buchanan, 996 F.2d 1225 (9th Cir. 1993).

Here, plaintiff was without water and unable to flush feces and urine from the toilet for three days. With no further details pleaded about this deprivation, these allegations fail to state a claim. Plaintiff has not alleged facts demonstrating that any individual defendant was aware of a substantial risk of harm to plaintiff's health or safety and failed to act. Plaintiff also has not described what injury he suffered as a result of this incident. Plaintiff may attempt to state a claim by pleading additional facts in an amended complaint.

### IV.    CONCLUSION AND ORDER

The complaint fails to state a claim and must be dismissed. Plaintiff is granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a) (Leave to amend should be "freely given when justice so requires."). If plaintiff elects to file an amended complaint, the complaint must allege in specific terms how each named defendant is involved in the alleged violations.

If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete

in itself without reference to any prior pleading. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim.

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: September 1, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Sanders.22cv1232.scrn