UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASSUS SANDERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01232-TLN-CKD PS<br><br><br>ORDER |

Plaintiff proceeds without counsel and seeks relief under 42 U.S.C. § 1983. The first amended complaint filed on September 23, 2022, is before the court for screening. See 28 U.S.C. § 1915(e).[1] The allegations of the amended complaint do not state a cognizable claim. Plaintiff will have an opportunity to file a further amended complaint. In any further amended complaint, plaintiff shall describe in specific terms how each named defendant is involved in the alleged violations.

**I.　　SCREENING AND PLEADING STANDARDS**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

---

[1] This matter was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

II.   **THE FIRST AMENDED COMPLAINT**

Plaintiff seeks relief for violations of his civil rights that allegedly took place at the Sacramento County Main Jail. (See generally, ECF No. 4.) Defendants are Lt. B, Lt. Ayers, and Williamson. (Id. at 2-3.) Plaintiff alleges as follows:

> The night shift and day denied sending my mail to the receiving end or gave my mail to medical and pretty much placed me in a part of

> the facility where it would be easy to alienate me. After another inmate told them what [they] were doing was wrong[ ].

(ECF No. 4 at 5.) And further,

> I've been homeless for four year[s] and lived in my car. So just about most of my belonging[s] were in my car. I needed to be released on the date me and my attorney agreed upon to retrieve and leave California with my Section 8 voucher because I do not feel safe in Sacramento or California.

(Id. at 6.)

Attached to the complaint are various jail grievances and message requests that plaintiff submitted. (ECF No. 4 at 9-21.) In another attachment to the complaint, plaintiff describes being taken into custody by the sheriff's department with "intense force." (ECF No. 4 at 7.) He further states he was "denied medical attention" and left in a cell for three days with no water and a toilet that did not flush. (Id. at 7-8.)

**III.    DISCUSSION**

   **A.    No Factual Allegations Specific to the Defendants**

Like the original complaint, the first amended complaint does not describe the conduct of the individual defendants who allegedly violated plaintiff's rights. Specifically, Lt. B, Lt. Ayers, and Williamson are the individuals listed as the defendants in the amended complaint, but those individuals are not further mentioned in the amended complaint's factual allegations.[2] Thus, the court is unable to discern what facts underlie the causes of action plaintiff is attempting to bring, and against whom.

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984); Fed. R. Civ. P. 8(a)(2) (requiring

---

[2] The court also does not find any clear indication of how these defendants allegedly violated plaintiff's rights in the attachments to the first amended complaint. While the court has reviewed the attachments to the first amended complaint, plaintiff is cautioned the court will not comb through attached exhibits in any further amended complaint seeking to determine whether a claim could possibly be stated where the complaint itself does not state a claim. In other words, supporting facts for a plaintiff's claims shall be set forth in the further amended complaint itself.

a short and plain statement of the claim). The complaint must be dismissed because it does not contain sufficient factual content to allow the court to draw the reasonable inference that any named defendant has violated plaintiff's constitutional rights.

### B.    Legal Standards under the Civil Rights Act (42 U.S.C. § 1983)

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

Here, it is not clear whether plaintiff was a pretrial detainee or a convicted jail inmate when the various events underlying the complaint occurred. While a convicted inmate's claims for unconstitutional conditions of confinement arise from the Eighth Amendment prohibition against cruel and unusual punishment, a pretrial detainee's claims for unconstitutional conditions of confinement arise from the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520 (1979). Both standards generally require proof that the defendant acted with deliberate indifference. See, e.g., Gordon v. Cnty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (clarifying how Fourteenth Amendment medical care claims differ from Eighth Amendment claims in which a subjective deliberate indifference standard applies). In any event, the Eighth Amendment provides a minimum standard of care for detainees. Gibson v. County of Washoe, 290 F.3d 1175, 1197 (2001) (overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (2016)).

////

////

### B. Right to Send and Receive Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). At the same time, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). For example, prison officials may examine an inmate's mail and inspect non-legal mail for contraband outside the inmate's presence without infringing his rights. United States v. Wilson, 447 F.2d 1, 8 n.4 (9th Cir. 1971); Witherow, 52 F.3d at 265-66.

Here, plaintiff has not identified any individual defendant as responsible for plaintiff's mail issues. Under the amended complaint's allegations, it is not clear whether or how any individual defendant violated plaintiff's right to send and receive mail. Plaintiff's general allegations referencing problems with outgoing mail are insufficient to state a claim. See Twombly, 550 U.S. at 555-557 (in order to avoid dismissal, a complaint must contain more than "naked assertions" or "labels and conclusions"). Plaintiff will have an opportunity to amend this claim. In any amended complaint, in order to state a claim, plaintiff must provide more factual details about who did what to violate his right to send and receive mail.

### E. Claim for Denial of Medical Care

Actionable "deliberate indifference" to a serious medical need exists "if [the prison official] knows that [the] inmate [ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 947 (1994). A determination of "deliberate indifference" involves two elements: (1) the seriousness of the medical needs; and (2) the nature of the defendant's responses to the needs. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976).) Deliberate indifference may occur when prison officials deny, delay or intentionally interfere with medical treatment, or may be shown by the way in which

prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988). In order for deliberate indifference to be established, there must first be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060.

Here, plaintiff's allegations that he was denied medical care are too general and too vague to state a claim. See Twombly, 550 U.S. at 555-557. Plaintiff does not identify any individual defendants allegedly responsible for these deprivations. Plaintiff also does not explain what the defendants did, or failed to do to, to cause the violations. Plaintiff also does not state what harm he suffered as a result of the deprivations. Plaintiff will have another opportunity to allege additional facts in a further amended complaint.

### F. Other Conditions of Confinement

Prison officials may be liable for "inhumane conditions of confinement that imposed an excessive risk to [the inmate's] health or safety." Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005.) In order to be liable, the prison official must know of and disregard an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff states he was without water and unable to flush the toilet for three days. However, plaintiff does not identify any individual defendants allegedly responsible for these deprivations or explain what those defendants did or failed to do to cause the violations. With no further details pleaded about this deprivation, the amended complaint fails to state a claim. Plaintiff has not alleged facts demonstrating that any individual defendant was aware of a serious risk of harm to his health or safety and failed to act. Plaintiff may attempt to state a claim by pleading more facts in an amended complaint.

### IV. CONCLUSION AND ORDER

Plaintiff is granted another opportunity to amend. See Fed. R. Civ. P. 15(a); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff is not obligated to amend. If

plaintiff files a further amended complaint, it should be titled "Second Amended Complaint" and reference the appropriate case number. A further amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's first amended complaint (ECF No. 4) is dismissed for failure to state a claim; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  October 24, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Sanders.22cv1232.scrnfac